UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MA CECILIA M. DELGADO, RONALD L.
ESPIRITU, GIVENCHY MAE C. ALBERTO,
JEROME M. ALMILLA, ANTHONY S.
ANTONIO, PATRICIA A. BALLESTEROS,
CONSTANTE L. BAUTISTA, LESTER P. CAMPOS,
REYNALDO P. DE LUNA, MARS A. ESCOBIDO,
ARIEL C. GADICHO, JOEL E. NIPALES, MOISES
JOHN T. QUE, IVAN GEORGE C. SANICO, JOHN
S. SARMIENTO, ANNABELLE D. SIBAYAN
and HANSEL H. YUSON,

    Plaintiffs,

v.                                                              Case No.1:12-cv-03113-JMF

JOSE B. VILLANUEVA, SAN VILLA SHIP
MANAGEMENT COMPANY, LINCOLN ROAD
EMPLOYMENT ADVISORY SERVICES, LLC,
SOUTH BEACH EMPLOYMENT ADVISORY
SERVICES, LLC, LORNA MELGAREJO and
JUCILYN VILLANUEVA,

    Defendants.
_____

**DEFENDANTS JUCILYN VILLANUEVA, LORNA MELGAREJO, SAN VILLA SHIP MANAGEMENT COMPANY, LINCOLN ROAD EMPLOYMENT ADVISORY SERVICES, LLC, AND SOUTH BEACH EMPLOYMENT ADVISORY SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Jucilyn Villanueva, Lorna Melgarejo, San Villa Ship Management Company, Lincoln Road Employment Advisory Services, LLC, and South Beach Employment Advisory Services, LLC, by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, and allege as follows:

**ANSWER**

1. Defendants deny the allegations in paragraphs 1 through 4 of Plaintiffs' Complaint.

2. Defendants admit the allegations in paragraphs 5 and 6 of the Plaintiffs' Complaint for jurisdictional purposes only.

3. Defendants deny the allegations in paragraph 7 of Plaintiffs' Complaint.

4. Defendants admit the allegations in paragraphs 8 through 13 of Plaintiffs' Complaint.

5. With respect to the allegations in paragraph 14 of Plaintiffs' Complaint, Defendants only admit that Defendant San Villa Management Company is a labor staffing company. Defendants deny the remaining allegations in paragraph 14.

6. With respect to the allegations in paragraph 15 of Plaintiffs' Complaint, Defendants only admit that Lincoln Road Employment Services is a labor staffing company. Defendants deny the remaining allegations in paragraph 15.

7. With respect to the allegations in paragraph 16 of Plaintiffs' Complaint, Defendants only admit that South Beach Employment Services is a labor staffing company. Defendants deny the remaining allegations in paragraph 16.

8. Defendants admit the allegations in paragraph 17 of Plaintiffs' Complaint.

9. Defendants deny the allegations in paragraph 18 of Plaintiffs' Complaint.

10. Defendants admit the allegations in paragraph 19 of Plaintiffs' Complaint.

11. Defendants deny the allegations in paragraphs 20 through 25 of Plaintiffs' Complaint.

12. Defendants are without knowledge as to the allegations in paragraphs 26 through 28 of Plaintiffs' Complaint, and therefore deny same.

13.     With respect to the allegations in paragraph 29 of Plaintiffs' Complaint, Defendants only admit that Defendants San Villa Ship Management Company, Lincoln Road Employment Advisory Services, LLC, and South Beach Employment Advisory Services, LLC legally recruited employees from the Philippines under a visa program in compliance with federal immigration laws.  Defendants deny the remaining allegations in paragraph 16.

14.     With respect to the allegations in paragraph 30 of Plaintiffs' Complaint, Defendants only admit that Defendants legally recruited employees from the Philippines under a visa program in compliance with federal immigration laws.  Defendants deny the remaining allegations in paragraph 16.

15.     Defendants deny the allegations in paragraphs 31 through 39 of Plaintiffs' Complaint.

16.     With respect to the allegations in paragraph 40 of Plaintiffs' Complaint, Defendants admit that Defendants San Villa Ship Management Company, Lincoln Road Employment Advisory Services, LLC, and South Beach Employment Advisory Services, LLC obtained visas to allow workers from the Philippines to be employed in the United States. Defendants deny the remaining allegations in paragraph 40.

17.     Defendants deny the allegations in paragraphs 41 through 44 of Plaintiffs' Complaint.

18.     Defendants are without knowledge as to the allegations in paragraph 45 of Plaintiffs' Complaint, and therefore deny same.

19.     Defendants are without knowledge as to the allegations in paragraphs 46 through 47 of Plaintiffs' Complaint, and therefore deny same.

20. Defendants deny the allegations in paragraphs 48 through 50 of Plaintiffs' Complaint.

21. Defendants are without knowledge as to the allegations in paragraph 51 of Plaintiffs' Complaint, and therefore deny same.

22. Defendants deny the allegations in paragraphs 52 through 619 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

All claims set forth in Plaintiffs' Complaint are barred on the grounds of improper venue, as set forth in 28 U.S.C., Section 1391.  None of the Defendants reside within the geographical limits of the U.S. District Court, Southern District of New York.  Further, a substantial part of the events or omissions giving rise to Plaintiffs' claims did not occur in the U.S. District Court, Southern District of New York.

### Second Affirmative Defense

Counts 1, 2, 3 and 4 of Plaintiffs Complaint are barred on the grounds that Plaintiffs failed to exhaust their remedies prior to bringing this action.

### Third Affirmative Defense

Counts 5, 6, 7 and 8 of Plaintiffs' Complaint are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

All of Plaintiffs' claims are barred by the doctrines of estoppels and waiver.  Plaintiffs, through their action and conduct in connection with the events underlying this action, are estopped from asserting their claims and have waived such claims.  Plaintiffs, among other

things, executed numerous subsequent employment contracts after their initial employment contracts terminated; continuously expressed their acceptance and satisfaction with the terms of their employment; never objected to the terms of their employment; and had opportunities to work with other employers, but chose to remain employed with the Defendant Corporations.

**Fifth Affirmative Defense**

All of Plaintiffs' claims are barred by the failure to state claims upon which relief may be granted.

**Sixth Affirmative Defense**

Counts 1, 2, 3, 4, 5, and 8 of Plaintiffs' Complaint are barred by the economic loss rule. The conduct which Plaintiffs contend support their claims falls within the scope of express employment contracts which govern Plaintiffs' employment.

**Seventh Affirmative Defense**

Counts 1, 2, 3, 4 and 6 of Plaintiffs' Complaint are barred on the grounds that all actions by Defendants were made in good faith and in conformity with, and in reliance on, written administrative regulations, orders, rulings, approvals, and/or interpretations of the U.S. Government.

**Eighth Affirmative Defense**

Counts 6 and 7 of Plaintiffs' Complaint are barred on the grounds that Plaintiffs have been paid all of the monies due to them by Defendants San Villa Ship Management Company, Lincoln Road Employment Advisory Services, LLC, and South Beach Employment Advisory Services, LLC ("Corporate Defendants").

**Ninth Affirmative Defense**

Count 6 of Plaintiffs' Complaint is barred on the grounds that the Corporate Defendants are exempt from the provisions for the FLSA because the annual revenues of the Corporate Defendants have never exceeded $500,000 per annum.

### Tenth Affirmative Defense

Count 6 of Plaintiffs' Complaint is barred on the grounds that Plaintiffs, as employees, have never engaged in commerce on behalf of the Corporate Defendants as required under the FLSA.

### Eleventh Affirmative Defense

Count 6 of Plaintiffs' Complaint is barred on the grounds that, assuming any of the Defendants violated the FLSA, Plaintiffs should not recover any liquidated damages, or the amount of liquidated damages should be less than the amount specified in Section 16 of the FLSA, because Defendants' actions or omissions giving rise to this action were in good faith and they had reasonable grounds for believing that their acts or omissions were not in violation of the FLSA.

### Twelfth Affirmative Defense

Count 6 of Plaintiffs' Complaint is barred on the grounds that Defendants Jucilyn Villanueva and Lorna Melgarejo are not "employers" as set forth in the FLSA, and therefore are not personally liable for the alleged acts of Defendants Jucilyn Villanueva and Lorna Melgarejo under the FLSA.

### Thirteenth Affirmative Defense

Counts 6 of Plaintiffs' Complaint is barred on the grounds that Defendants, at all times material to the Complaint, acted in good faith and with reasonable grounds for believing they were not violating the FLSA.

### Fourteenth Affirmative Defense

Counts 6 of Plaintiffs' Complaint is barred on the grounds that Plaintiffs are not entitled to wages for any hours they allegedly worked of which Defendants were not aware and did not have reason to be aware.

### Fifteenth Affirmative Defense

All counts of Plaintiffs' Complaint are barred since Plaintiffs have a duty to mitigate any alleged damages, and to the extent Plaintiffs do not or will not mitigate such damages, Defendants are entitled to a set-off should Plaintiffs prevail.  In addition, any recovery by Plaintiffs must be set-off and/or reduced by wages, commissions, pay and benefits, other earning or remunerations, regardless of form received, that were paid or due to Plaintiffs or receivable with exercise of due diligence.

### Sixteenth Affirmative Defense

Count 8 of Plaintiffs' Complaint is barred by the doctrine of contributory negligence.

WHEREFORE, Defendants request that this Court dismiss the Complaint of the Plaintiffs, in its entirety, and award the costs of this action, including reasonable attorney's fees to the Defendants.

### DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury on all issues raised in the pleadings that are so triable.

Respectfully submitted this 18th day of January 2013.

/s/ John Y. Benford
John Y. Benford, Esquire
Florida Bar No. 51950

**Benford Law Firm, P.A.**
1065 West Morse Boulevard
Suite 101
Winter Park, Florida 32789
Telephone: (407) 956-1010
Facsimile: (407) 712-2046
E-mail: JYB@JYBLaw.com
Counsel for Defendants
Jucilyn Villanueva
Lorna Melgarejo
San Villa Ship Management Company
Lincoln Road Employment Advisory Services, LLC
South Beach Employment Advisory Services, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of January, 2013, a copy of the foregoing document was filed with the Clerk of the Court by Electronic Case Filing ("ECF"). I further certify that a copy of the foregoing document was served via e-mail on the following: **Felix Q. Vinluan, Esquire,** Counsel for Plaintiffs, fqvinluan@yahoo.com, 469 Seventh Avenue, Suite 404, New York, NY 10018.

/s/ John Y. Benford
John Y. Benford, Esquire